UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HERMES VELASQUEZ and JULIO VELASQUEZ on
behalf of themselves and all other persons similarly situated,

                              Plaintiffs,

   -against-                                                    **COMPLAINT**

LETTERMAN CORP. d/b/a JERRY AND THE MERMAID,
JEROME DICECCO, JR., and JEROME DICECCO, SR.,

                              Defendants.
------------------------------------------------------------------------X

       Plaintiffs, HERMES VELASQUEZ and JULIO VELASQUEZ ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, LETTERMAN CORP. d/b/a JERRY AND THE MERMAID, JEROME DICECCO, J.R., and JEROME DICECCO, SR. (collectively "Defendants") allege as follows:

## NATURE OF THE ACTION

       1.     The Defendants are engaged in the restaurant business. The Plaintiffs and similarly situated employees performed non-exempt work for the Defendants. The Plaintiffs and similarly situated employees regularly worked more than 40 hours in a work week but were not paid overtime in violation of the Fair Labor Standards Act and the New York Labor Law.

       2.     Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), on behalf of themselves and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. § 216(b). Plaintiffs also brings this action to recover unpaid minimum wages, overtime wages, spread of hours pay, and statutory damages under the New York Labor Law Article 19, § 650 et

seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("NYLL").

3. Plaintiffs also bring this action on behalf of themselves and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid overtime wages, spread of hours pay, and statutory damages under the NYLL.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

7. The Defendant, LETTERMAN CORP., was and still is a business that operates a restaurant and bar in the County of Suffolk and State of New York.

8. At all times relevant, Defendant, LETTERMAN CORP., is engaged in the restaurant business and is an "enterprise engaged in commerce" within the meaning of the FLSA in that it (1) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) has and has had an annual gross volume of sales of not less than $500,000.00.

9. At all times relevant, Defendant, LETTERMAN CORP., has "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

10. Defendants' restaurant requires a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

11. At all relevant times, Plaintiffs were non-exempt employees of the Defendants and "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and New York State Labor Law § 190(2).

12. Plaintiffs' duties included preparing and cooking food. In performing their duties, Plaintiffs handled or worked with goods, such as grains, pork, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce.

13. At all times relevant, Defendant, LETTERMAN CORP., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York State Labor Law § 190(3).

14. The Defendant, JEROME DICECCO, JR., is an owner and/or officer of LETTERMAN CORP., has authority to make payroll and personnel decisions for LETTERMAN CORP., and is active in the day-to-day management of the restaurant, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

15. The Defendant, JEROME DICECCO, SR., is an owner and/or officer of LETTERMAN CORP., has authority to make payroll and personnel decisions for LETTERMAN CORP., and is active in the day-to-day management of the restaurant, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

**STATEMENT OF FACTS**

16. Plaintiff, Hermes Velasquez, was employed by Defendants from in or about 2014 to in or about October 2022. Plaintiff performed non-exempt duties for the Defendants including preparing food, cooking, washing dishes and cleaning the premises. Plaintiff regularly worked from 11:00 a.m. until 10:00 p.m., 7 days per week.

17. Plaintiff, Julio Velasquez, was employed by Defendants from in or about 2016 to in or about September 2021. Plaintiff performed non-exempt duties for the Defendants including preparing food, cooking, washing dishes and cleaning the premises. Plaintiff regularly worked from 11:00 a.m. until 10:00 p.m., Monday through Saturday.

18. Throughout their employment with Defendants, Plaintiffs regularly worked more than 40 hours in a workweek.

19. Defendants failed to pay Plaintiffs a premium for time worked in excess of forty (40) hours per week. Defendants paid Plaintiff for the first 40 hours worked each week by check. Defendants paid Plaintiff for hours worked after 40 hours per week straight-time at their regular rate of pay in cash.

20. Throughout his employment with Defendants, Plaintiffs regularly worked more than ten hours in a single day.

21. Defendants failed to pay Plaintiffs spread-of-hours pay for each day in which their spread of hours exceeded 10 hours.

22. Defendants failed to provide Plaintiffs upon hire written notice in their native language of their rate of pay and other information required by Section 195(1) of the NYLL.

23. Defendants failed to furnish Plaintiffs with accurate statements with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of New York Labor Law § 195(3).

24. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff and the Collective Action Plaintiffs.

25. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. § 516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 § 146-2.4.

## COLLECTIVE ACTION ALLEGATIONS

26. At all relevant times, Plaintiffs and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

27. Plaintiffs also bring FLSA claims on behalf of themselves and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, preparing and/or cooking food, washing dishes, unloading trucks, cleaning and/or maintaining the premises, bussing tables and serving food at any time during the three (3) years prior to the filing of their respective consent forms.

28. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiffs are representative of those other workers and are acting on behalf of the

Defendants' current and former employees' interests as well as her own interest in bringing this action.

29. Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all persons who are currently, or have been, employed by the Defendants in non-exempt positions including, but not limited to, back-of-the house kitchen workers, cooks, line cooks, food preparers, dishwashers, porters and maintenance workers as at any time during the three (3) years prior to the filing of their respective consent forms.

30. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

### RULE 23 CLASS ACTION ALLEGATIONS
### NEW YORK STATE LABOR LAW

31. Plaintiffs brings New York Labor Law claims on behalf of themselves and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants in non-exempt positions including, but not limited to, back-of-the house kitchen workers, cooks, line cooks, food preparers, dishwashers, porters and maintenance workers as at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

32. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

33. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the six (6) years prior to the filing of this Complaint.

34. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

35. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) whether Defendants failed and/or refused to pay the Plaintiffs and Class Members the overtime wages for hours worked in excess of forty hours in a single workweek;

(b) whether Defendants failed and/or refused to pay the Plaintiffs and Class Members spread-of-hours pay when they worked more than ten hours in a single workday;

(c) whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

7

  (d)  whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

  (e)  whether Defendants failed to provide Plaintiffs and Class Members with a wage notice upon hire, as required by law;

  (f)  whether Defendants failed to furnish the Plaintiffs and Class members with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law;

  (g)  what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and

  (h)  whether Defendant's general practice of failing and/or refusing to pay Plaintiffs and Class overtime and spread-of-hours pay was done willfully and/or with reckless disregard of the federal and state wage and hour laws.

36. Plaintiffs' claims are typical of the claims of the Class that they seek to represent. Defendants failed to pay minimum wage, failed to pay overtime wages, failed to pay spread-of-hours pay, and failed to maintain required and accurate records of the hours worked by Plaintiffs and the Class.

37. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

38. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

39. Plaintiffs have retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

40. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

41. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

42. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

43. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

9

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT: OVERTIME WAGES

44. Plaintiffs allege and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants employed Plaintiffs and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

46. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

47. Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

48. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

49. Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate in violation of New York Labor Law.

50. By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

51. Plaintiffs are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW: SPREAD OF HOURS

52. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

53. Defendants willfully failed to pay Plaintiffs one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

54. Plaintiffs are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE NOTICE

55. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

56. Defendants failed to provide Plaintiffs upon hire with written notice in their native language of their rate of pay and other information required by New York Labor Law § 195(1).

57. Plaintiffs are entitled to recover statutory damages from Defendants.

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE STATEMENTS

58. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

59. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law § 195(3).

60. Plaintiffs are entitled to recover statutory damages from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(ii) Unpaid minimum wages, overtime wages, spread of hours pay and damages pursuant to New York Labor Law § 198, liquidated damages and pre- and post-Judgment interest;

(iii) Certification of this case as a collective action under 29 U.S.C. § 216(b);

(iv) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(v) All attorneys' fees and costs incurred in prosecuting these claims; and

(vi) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       February 2, 2023

                                            LAW OFFICE OF PETER A. ROMERO PLLC

                                            */s/ Peter A. Romero*
                                 By:        _____
                                            Peter A. Romero, Esq.
                                            490 Wheeler Road, Suite 250
                                            Hauppauge, New York 11788
                                            Tel. (631) 257-5588
                                            promero@romerolawny.com

                                            *Attorneys for Plaintiffs*

13

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Letterman Corp. d/b/a Jerry And The Mermaid, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

*Hermes Velasquez*　　　　　　　　　　　　　*12/15/22*
Hermes Velasquez　　　　　　　　　　　　　Date

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Letterman Corp. d/b/a Jerry And The Mermaid, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____          _____
Julio Velasquez                                            Date